IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EZRA SHINES, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| WHATABURGER RESTAURANTS, LLC D/B/A WHATABURGER #1116, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Ezra Shines ("Plaintiff" or "Mr. Shines"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Whataburger ("Defendant") for violations of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 14, 2022; the EEOC issued its Notice of Right to Sue on December 29, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is an African American Male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Alabama, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 641 South Lawrence Street, Montgomery, AL 36104

## FACTUAL ALLEGATIONS

9.

Plaintiff, who is African American, began working for Defendant on or about May 18, 2021. His last position was Operating Partner/General Manager.

10.

Plaintiff was sent to manage the Whataburger store in Birmingham, AL on or about April 13, 2022.

11.

Plaintiff was offered a nineteen ($0.19) cent per hour raise by Caleb Minton (now, "Minton"), who is Caucasian, to move to Birmingham.

12.

Despite being promised a fully staffed store, Plaintiff was assigned to a location that was understaffed. Plaintiff informed Minton immediately. Plaintiff was met with consistent hostility from Minton when attempting to perform his job.

13.

On or about May 10, 2022, Plaintiff discovered that Ms. Casey Brooks (now, "Brooks"), one of the team leaders assigned to his store, was removed and sent to work elsewhere, under a Caucasian manager, Heather Sports (now "Sports").

14.

Plaintiff was told that he would be required to cover Brooks' shifts as a team leader, as well as continue to fulfill his obligation as a Store Manager. Other Caucasian managers such as Sports and Nick Yourgules were not subject to the same type of shift arrangement as Plaintiff.

15.

On or about June 24, 2022, an employee named "Summer", left on maternity leave. Minton informed Plaintiff that he would not look for someone to fill Summer's role, and that Plaintiff would be responsible for her job duties.

16.

Plaintiff was eventually given another manager on his team, Mr. Dakota Thompson (now, "Thompson"). Thompson was not productive, and often sat behind in the office during lunch rushes, leaving Plaintiff with significantly more work.

17.

Plaintiff reported Thompson's behavior to Minton, which lead to Minton sending Thompson to work under Sports, a Caucasian manager, on or about June 27, 2022. Minton did not provide Plaintiff with a replacement and Plaintiff had to perform Thompson's job duties.

18.

Defendant's consistent shifting of staff around to other stores with Caucasian managers, while removing them from Plaintiff's assigned store, significantly weakened Plaintiff's store, while strengthening other stores managed by Caucasians.

19.

On or about June 29, 2022, Plaintiff spoke with Kevin Patterson (now, "Patterson), the HR manager, by phone about Minton's conduct and that Plaintiff felt that he was being discriminated against due to his race/color.

20.

On or about August 8, 2022, Plaintiff again spoke with Patterson regarding the racial discrimination he was experiencing.

21.

After the report, Plaintiff experienced acts of retaliation.

22.

Defendant conducted unannounced visits and inspections to Plaintiff's store, especially when Plaintiff was not on-duty. These types of unannounced visits did not take place at other stores managed by Caucasians.

23.

Plaintiff was never properly supported by Defendant during this time. Defendant would acknowledge Plaintiff's complaints but would not take action to fully remedy the situation.

24.

Defendant favored stores operated by Caucasian managers by sending available workers to those stores, leaving Plaintiff in an unfavorable position and severely short-handed.

25.

Plaintiff would frequently work over twelve (12) hour shifts.

26.

On or about August 15, 2022, After Plaintiff worked a fourteen (14) hour shift one Sunday night, Plaintiff returned home at 12 PM. Plaintiff was then called by Minton to return to work again at 5 PM after working seventy (70) hours straight.

27.

Plaintiff could not reasonably return to work within five (5) hours after working the previous shift.

28.

Plaintiff was told by Minton to return to work "or else he would find someone to replace him as manager" constructively discharging Plaintiff when Plaintiff did not comply with the Minton's unreasonable, discriminatory, and retaliatory request.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

30.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e., African-American and was retaliated against for his protected activity.

## **CLAIMS FOR RELIEF**

### **COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

31.

Plaintiff re-alleges paragraphs 9-30 as if set forth fully herein.

32.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

33.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

34.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

35.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

36.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

### COUNT II:  COLOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37.

Plaintiff re-alleges paragraphs 9-30 as if set forth fully herein.

38.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

39.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

40.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his color.

41.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected their economic, psychological, and physical well-being.

42.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

43.

Plaintiff re-alleges paragraphs 9-30 as if set forth fully herein.

44.

Defendant's actions, as detailed above, in retaliating against and terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

45.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was untertaken in bad faith.

46.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

**COUNT IV: VIOLATION OF 42 U.S.C. § 1981**

47.

Plaintiff re-alleges paragraphs 9-30 as if set forth fully herein.

48.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race (African American).

49.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

50.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

51.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

52.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

53.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

54.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**COUNT V:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

55.

Plaintiff re-alleges paragraphs 9-30 as if set forth fully herein.

56.

Plaintiff engaged in protected conduct when he complained about race-based discrimination.

57.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

58.

There was a causal connection between the protected conduct and the adverse action.

59.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

60.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or back pay and front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully, this 28th of March, 2023.

                                           **BARRETT & FARAHANY**

                                           s/ *John E. Tomlinson*
                                           John E. Tomlinson
                                           Alabama Bar No. 4095O78T

                                           *Counsel for Plaintiff Ezra Shines*

2 20th St. N, Suite 900
Birmingham, AL 35203
(404) 214-0120
john@justiceatwork.com